UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASCOT SYNDICATE 1414 AND<br>EVEREST INSURANCE (IRELAND) DAC<br><br>v.<br><br>BROCK SERVICES, LLC | §   CIVIL ACTION NO.<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT FOR DECLARATORY JUDGMENT

This Complaint for Declaratory Judgment is filed by Plaintiffs Ascot Syndicate 1414 ("Syndicate 1414") and Everest Insurance (Ireland) DAC ("Everest" and collectively, with Syndicate 1414, as "Underwriters") against Defendant Brock Services, LLC ("Brock").

### PRELIMINARY STATEMENT

1. This is an action for declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure to determine whether Underwriters owe any duties to Brock under certain excess insurance policies in connection with a recent $411 million jury verdict rendered against Brock in the Louisiana state court action entitled *Jose Valdivia v. Brock Services, LLC*, Case No. C-731101, pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana (the "*Valdivia* Lawsuit").

2. As set forth in greater detail below, Underwriters seek a declaration that their policies do not provide any coverage to Brock in connection with the *Valdivia* Lawsuit.

### PARTIES

3. Plaintiff Ascot Syndicate 1414 ("Syndicate 1414") is an underwriting syndicate at Lloyd's, London. Ascot Corporate Name Limited is its sole capital provider, and is a private limited company organized under the laws of England, with its registered office and principal place

140572761.1

of business in London, England. Accordingly, for purposes of diversity jurisdiction, Syndicate 1414 is a citizen of England.

4. Plaintiff Everest Insurance (Ireland) DAC ("Everest") is incorporated in and has its principal place of business in Dublin, Ireland. Accordingly, for purposes of diversity jurisdiction, Everest is a citizen of Ireland.

5. Defendant Brock Services, LLC ("Brock') is a limited liability company organized under the laws of Texas, with its principal place of business in Houston, Texas. The sole member of Brock is The Brock Group, Inc., which is a Texas corporation that has its principal place of business in Houston, Texas. Accordingly, for purposes of diversity jurisdiction, Brock is a citizen of Texas.

## JURISDICTION & VENUE

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship as between Plaintiffs and Defendant.

7. Underwriters' excess insurance policies under which Brock alleges coverage contain forum-selection clauses requiring litigation in New York in the event of any dispute under the policies, and therefore Brock has consented to being subject to the personal jurisdiction of this Court and venue is also proper in this Court.

8. Underwriters' excess insurance policies under which Brock alleges coverage also provide that any dispute, controversy, or claim arising out of or relating to the policies shall be governed by and construed in accordance with New York law.

**FACTUAL BACKGROUND**

9. On August 2, 2022, Jose Valdivia was injured in the course of his employment with Brock when a co-worker dropped a scaffolding bar on his head while erecting a scaffold around a pipe rack at the Phillips 66 Lake Charles Refinery in Westlake, Louisiana.

10. Valdivia sued Brock and Phillips 66 in Louisiana state court. Phillips 66 settled with Valdivia before trial. Valdivia's claims against Brock were tried to a jury, and on February 28, 2025, the jury returned a verdict in favor of Valdivia and against Brock in the total amount of $411,687,887.36. In reaching its verdict, the jury answered "yes" to the question "[d]o you find that Brock Services, LLC caused the incident on August 2, 2022, and that its conduct was either intentional or the incident was substantially certain to occur from its perspective (including that of its agents or employees)." A copy of the jury verdict form in the *Valdivia* Lawsuit is attached hereto as Exhibit "A".

11. On April 18, 2025, the trial court entered a Final Judgment which made a few adjustments to the damages figures and ultimately awarded Valdivia the sum of $408,738,237.79 plus judicial interest. A copy of the Final Judgment in the *Valdivia* Lawsuit is attached hereto as Exhibit "B".

12. Brock seeks coverage for the judgment in the *Valdivia* Lawsuit under Syndicate 1414's excess insurance policy bearing the Policy Number NAMCA2200714, for the period of March 15, 2022 to March 15, 2023 (the "Syndicate 1414 Policy"). A copy of the Syndicate 1414 Policy is attached hereto as Exhibit "C."

13. Brock also seeks coverage for the judgment in the *Valdivia* Lawsuit under Everest's excess insurance policy bearing the Policy Number NAMCA2200949, for the period of March 15,

2022 to March 15, 2023 (the "Everest Policy"). A copy of the Everest Policy is attached hereto as Exhibit "D."

14. The Syndicate 1414 Policy and Everest Policy are part of a $25 million layer of insurance excess of $25 million in underlying insurance.

15. Underwriters' excess policies do not apply until all applicable underlying insurers have paid or have been held liable to pay the full amount of their respective limits of insurance, and thus Underwriters had no duty to defend Brock in the *Valdivia* Lawsuit.

16. In light of the jury verdict and final judgment in the *Valdivia* Lawsuit, Brock has put Underwriters on notice that it seeks coverage under the Syndicate 1414 Policy and Everest Policy for its liability in the *Valdivia* Lawsuit.

17. Both the Syndicate 1414 Policy and the Everest Policy follow the form of an underlying AXIS Surplus Insurance Company policy bearing the Policy Number P-001-000547263-02 (the "Axis Policy"), meaning Underwriters' excess policies follow and incorporate the same terms, definitions, exclusions and conditions of the Axis Policy, except as otherwise provided. *See Fed. Ins. Co. v. Int'l Bus. Machs. Corp.*, 18 N.Y.3d 642, 646 (2012) ("[T]he Federal policy is a 'follow form' policy, meaning that it conforms to the terms and endorsements of the underlying Zurich policy."). A copy of the Axis Policy is attached hereto as Exhibit "E."

18. The Axis Policy, in turn, follows the form of an underlying Starr Indemnity & Liability Company workers' compensation and employers' liability policy bearing the Policy Number 100 0002220 (the "Starr EL Policy"). A copy of the Starr EL Policy is attached hereto as Exhibit "F."

19. The Starr EL Policy provides, in relevant part:

> This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
>
> 1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
>
> 2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A of the Information Page.
>
> 3. Bodily injury by accident must occur during the policy period.
>
> 4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
>
> 5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

20. The Starr EL Policy excludes coverage for "[b]odily injury intentionally caused or aggravated by you."

21. Because the jury in the *Valdivia* Lawsuit expressly found that Mr. Valdivia's injuries were either caused by intentional conduct or the incident was substantially certain to occur from Brock's perspective, the exclusion for intentional bodily injury precludes coverage.

22. In addition, Underwriters' excess policies only potentially provide insurance for injuries caused by an "occurrence." Because the jury in the *Valdivia* Lawsuit found that Mr. Valdivia's injuries were either caused by intentional conduct or substantially certain to occur from Brock's perspective, Brock's liability and the damages verdict against it do not involve an "occurrence" within the meaning of the Syndicate 1414 Policy or Everest Policy.

23. The Starr EL Policy's Designated Workplaces Exclusion Endorsement ("Designated Workplaces Exclusion") also provides:

> This policy does not cover work conducted at or from any workplace where you are enrolled in a consolidated (wrap-up) insurance program that has been provided by the general contractor/prime contractor/project manager or owner of the construction project for such work.
>
> You are considered to be an enrolled contractor if:
>
> 1) You have received written confirmation of enrollment or
>
> 2) You have an executed contract that:
>
>    a) is effective prior to the commencement of your operations related to the construction project; and
>
>    b) requires the general contractor/prime contractor/project manager or owner of the construction project to provide the wrap-up insurance to you.

24. At the time of the incident at issue in the *Valdivia* Lawsuit, Brock was enrolled in an Owner Controlled Insurance Program ("OCIP") underwritten by Indemnity Insurance Company of North America ("IICNA") and sponsored by Phillips 66 for work performed at the Lake Charles Refinery (the "IICNA OCIP Policy"). A copy of the IICNA OCIP Policy is attached hereto as Exhibit "G."

25. Brock received written confirmation of enrollment under the IICNA OCIP Policy in the form of a Certificate of Liability Insurance. A copy of the Certificate of Liability Insurance is attached hereto as Exhibit "H."

26. Because the Syndicate 1414 Policy and Everest Policy follow form to the Axis Policy which, in turn, follows form to the Starr EL Policy, the Designated Workplaces Exclusion is incorporated into the Syndicate 1414 Policy and Everest Policy.

27. Accordingly, the Designated Workplaces Exclusion applies and precludes coverage for the *Valdivia* Lawsuit under the Syndicate 1414 Policy and Everest Policy.

## COUNT I – DECLARATORY JUDGMENT

28. Underwriters hereby incorporate paragraphs 1 through 27 as if copied *in extenso*.

29. An actual and justiciable controversy exists between Syndicate 1414, Everest, and Brock regarding insurance coverage for the *Valdivia* Lawsuit that is ripe for adjudication. This controversy is of sufficient immediacy, reality, and ripeness to warrant the issuance of a declaratory judgment at this time so the parties can avoid further uncertainty and disputes as to their respective rights, duties, and obligations. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, this Court is authorized to resolve this dispute and provide the declaratory relief requested herein.

30. Underwriters seek a declaration that, because Brock was enrolled in an OCIP sponsored by Phillips 66 for work performed at the Lake Charles Refinery, the Designated Workplaces Exclusion incorporated into the Syndicate 1414 Policy and Everest Policy applies and precludes any coverage for Brock in connection with the *Valdivia* Lawsuit under the Syndicate 1414 Policy and Everest Policy.

31. Additionally, because the jury found that Brock's actions were either intentional or that the incident was substantially certain to occur from Brock's perspective, Underwriters seek a declaration that the intentional acts exclusion precludes coverage and that the injuries at issue in the *Valdivia* Lawsuit do not involve a covered "accident" or "occurrence."

32. Thus, for either of these reasons, the Court should declare that Underwriters owe no duties to Brock whatsoever under the Syndicate 1414 Policy and Everest Policy in connection with the *Valdivia* Lawsuit.

33. Underwriters plead all other conditions, terms, limitations, definitions, and exclusions of their respective policies which may be found to be applicable as their investigation

of this matter continues, and Underwriters reserve the right to amend this Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ascot Syndicate 1414 and Everest Insurance (Ireland) DAC pray that after due proceedings are had there be judgment in their favor and against Defendant Brock Services, LLC, as follows:

(a) declaring that Underwriters owe no duties to Brock whatsoever under the Syndicate 1414 Policy and Everest Policy in connection with the *Valdivia* Lawsuit; and

(b) awarding Underwriters all other legal and equitable relief deemed appropriate under the circumstances.

Dated: July 17, 2025
New York, New York

**CARLTON FIELDS, P.A.**

By:   /s/ Robert W. DiUbaldo
Robert W. DiUbaldo
Christopher C. Ash
Oliver M. Phillipson
405 Lexington Avenue | 36th Floor
New York, New York 10174
rdiubaldo@carltonfields.com
christopher.ash@carltonfields.com
ophillipson@carltonfields.com

**PHELPS DUNBAR LLP**

Jeremy T. Grabill
365 Canal Street | Suite 2000
New Orleans, Louisiana 70130
jeremy.grabill@phelps.com